COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

ROSENTHAL & COMPANY, et al., Defendants.

No. 76 C 3904.

United States District Court, N. D. Illinois, E. D.

Aug. 18, 1982.

See also 537 F.Supp. 1094.

Helen G. Blechman, Washington, D. C., for plaintiff.

Ralph A. Mantynband, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

SHADUR, District Judge.

Commodity Futures Trading Commission ("CFTC") initially sued Rosenthal & Company and a number of individual defendants, charging their sale of so-called "London commodity options" violated the antifraud provisions of the Commodities Exchange Act (such sales have since been rendered wholly illegal by the Futures Trading Act of 1978, 7 U.S.C. § 6c). This Court's January 26, 1982 order dismissed the action (then more than five years old) without prejudice. Now some of the individual defendants (Leonard Pomerantz, Larry Spatz, Don Braverman, John Dexter and Perry Cracraft) seek attorneys' fees under the newly enacted Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Act"). For the reasons stated in this memorandum opinion, this Court defers ruling on defendants' motion because it is premature, retaining jurisdiction solely for purposes of a future ruling.

■ Under the Act only "prevailing parties" are entitled to fees. Congress clearly intended to give that term the same meaning it has developed under other attorneys' fee statutes. *See,* 1980 U.S.Code Cong. & Ad.News 4953, 4990. That fleshing-out process has been most extensive under 42 U.S.C. § 1988, for purposes of which "prevailing parties" have been defined as those who have prevailed on the merits of the underlying action. As *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) put it:

> For only in that event has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.

Thus the question for this Court is whether its dismissal of the action without prejudice was a victory on the merits for defendants.

■ This lawsuit had long since become primarily an adjunct of the parallel administrative proceeding (for an extended period both before and after it was first assigned to this Court's calendar in June 1980, this action was stayed while the Administrative Law Judge's decision was in the works). Its sole reason for possible existence once the ALJ ruled was to afford CFTC the possibility of added equitable relief if it were successful in reversing the ALJ's decision.

This Court dismissed the case because it saw no reason to continue it as a kind of empty receptacle waiting for content that might possibly be poured into it after a final administrative determination—one that promised to be long in coming.[1] Dismissal was ordered without prejudice, however, so CFTC could refile suit should it ultimately prevail in the administrative proceeding (and its likely judicial aftermath) and should it desire added relief not obtainable there.

Defendants have therefore obtained a "victory" only in the most minor, narrow and technical sense—if at all. Nothing substantive had happened in this action for a

---

1. Of course the administrative decision will itself be judicially reviewable. That prospect enlarged the time this action was likely to remain stagnant.

very long time. Dismissal simply spared the Court and the parties the burden of monitoring this action while awaiting a final disposition of the administrative proceeding (and any possible appeal). In real world terms—in any *substantive* sense—defendants are no better off than if this Court had decided to retain this action on its calendar pending such final disposition. In *Hanrahan* terms there has been no "determination of the 'substantial rights of the parties' . . . ."

Defendants are thus not "prevailing parties" within the meaning of the Act. They may become such in the future, but that determination must necessarily await the final nonreviewable decision in the other ongoing proceedings.

### Conclusion

This Court finds defendants' motion for fees under the Act premature. Because the issues have been briefed extensively, and because any relief to which defendants may ultimately be entitled would appear to come most appropriately in this action, this Court will retain jurisdiction of the issue until the administrative proceeding has reached a final and non-reviewable conclusion. At that time the Court will look to the prevailing party in that proceeding to apprise the Court (with notice to opposing counsel, of course) of the situation and of what action if any it deems appropriate.[2]

---

**2.** In the meantime some of the now-unsettled questions involving the Act will almost certainly be resolved (perhaps including the division of judicial views on its retroactivity, as exemplified by *Allen v. United States*, No. 79 C 3812 (N.D.Ill. July 6, 1982) (Decker, J.) and *Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982) (Marshall, J.)).