UNITED STATES of America, Plaintiff,

v.

Lloyd S. RUBIN a/k/a Stanley L. Rubin, individually, and doing business as Bay Hill Company, a nominee company, Transnational Corporation, A Colorado corporation, Transnational Management Corporation, A Colorado corporation, Transnational Realty Marketing Corporation, a/k/a Transnational Equity Trust, Ltd., A Colorado Corporation, Univest Financial Fund, Ltd. A Colorado corporation, Esther Bell, individually and as a shareholder of the above named Colorado corporations, Energy Capital Fund, Ltd., A Grand Cayman Islands corporation, Truman Bodden Company, A Grand Cayman Islands corporation, Caribhaven Service, Limited, A Grand Cayman Islands corporation, Northhaven Services, Limited, A Grand Cayman Islands corporation, Southhaven Services, Limited, A Grand Cayman Islands corporation, Defendant(s).

Civ. No. 83–K–1147.

United States District Court,
D. Colorado.

July 29, 1984.

---

William C. Lengacher, James J. Brown, Judgment Enforcement Unit, Washington, D.C., and Linda Surbaugh, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Robert F. Hanley, Melanie Vogl, Denver, Colo., for Rubin.

Edwin S. Kahn, Denver, Colo., for Transnational Corp., Transnational Management Corp., Transnational Realty Marketing Corp., Univest Financial Fund, Ltd.

Michael P. Carey, Denver, Colo., for Esther Bell.

Joseph J. Bronesky, Denver, Colo., for Truman Bodden Co., Caribhaven Service, Ltd., Northhaven Services, Ltd., Southhaven Services, Ltd.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The United States initially sued Lloyd Rubin individually and a number of his alleged alter ego corporations, contending that Rubin fraudulently conveyed stock and other assets to his sister Esther Bell and his alter ego corporations to hinder the government in the collection of its judgment.[1] Plaintiff alleged that the defendant corporations held all their assets in a constructive trust for the plaintiff as debtor of Rubin. Additionally, plaintiff requested a temporary restraining order and a preliminary injunction enjoining the defendants from removing the contents of one safe deposit box which allegedly contained cash, jewelry, records of bank accounts and descriptions of real and personal assets of Rubin and his companies.

I issued entry of the temporary restraining order and denied the motion for preliminary injunction.[2] Upon motion of the plaintiff the suit was voluntarily dismissed without prejudice. Plaintiff contended that it was unable to pursue discovery because Rubin and all officers of the named corporations refused to furnish information vital to the government's case. Defendants claimed their fifth amendment privilege stemming from an ongoing criminal investigation.[3] Now some of the defendants (Univest, Transnational Corporation and Transnational Realty Marketing Company) seek attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

### "Prevailing Party" Under the Equal Access to Justice Act

The threshold issue is whether the defendants are prevailing parties within the meaning of the Act. This determination is important with respect to defendants' application for costs under subsection (a) of the

1. The United States recovered a judgment against Rubin for $439,062.38 plus interest, on May 11, 1978, in the United States District Court for the Eastern District of Missouri. On September 20, 1979, this judgment was registered in this court as Civil Action No. 79–J–25 pursuant to 28 U.S.C. § 1963.

2. At the preliminary injunction hearing I stated: As far as evidence to suggest piercing the corporate veil, at this juncture there is no evidence of any ultra vires acts, no evidence presented of any corporate irregularities, there are no transfers submitted for inadequate consideration, no evidence of ficticious shareholders, there is no evidence of irreparable harm .... The motion is denied. (Tr. 131, 132).

3. At the time of the dismissal of this action there was a pending criminal investigation of Lloyd Rubin, et al., being conducted by the federal grand jury of this district.

Act,[4] and with respect to their application for attorneys' fees and expenses under (d)(1)(A).[5]

The Equal Access to Justice Act does not define "prevailing party" but the Senate and House reports discussing the Act proposed that the term be consistent with the body of case law that has developed under the existing fee-shifting statutes.[6] *See Grand Blvd. Improvement Co. v. Chicago*, 553 F.Supp. 1154, 1167 (N.D.Ill.1982). Under other fee-shifting statutes, a party must establish his entitlement to some relief on the merits of the claim before attorney's fees and costs may be awarded. Only in the event that there has been a "determination of the 'substantial rights of the parties,' which congress determined was a necessary foundation for departing from the usual rule that each party must bear the expense of his attorney" can a party be found to have "prevailed." *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980).

Neither the denial of the preliminary injunction nor the voluntary dismissal of the suit entitle the defendants to attorneys' fees and costs as the prevailing party. First, the substance and basis of the earlier denial of injunctive relief indicates that the defendant did not "prevail" on that interim order. Here the request to enjoin any contact with the safe deposit box was not a central issue in the case and the decision did not significantly determine any of the defendants' rights. Further, the decision to deny the injunction was not "sufficiently significant and discrete" to be treated as a separate unit, as is required for one to be a prevailing party on an interim order under the Equal Access to Justice Act. *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir.1974).

Second, the dismissal of the action is not a sufficient basis for an award of attorneys' fees and costs. The government moved to dismiss the case because of the ongoing criminal investigation and the attendant inability to conduct discovery. Dismissal was ordered without prejudice, so the government could refile if it so desires.

4. 28 U.S.C. § 2412(a) provides:
except as otherwise specifically provided by statute, a judgment for costs, as enumerated in Section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

5. 28 U.S.C. § 2412(d)(1)(A) provides:
except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any Court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
Subsection (d)(2)(A) makes clear that "fees and other expenses" include reasonable attorneys' fees.

6. The legislative reports accompanying the Act explain:
Under existing fee-shifting statutes, the definition of prevailing party has been the subject of litigation. It is the committee's intention that the interpretation of the term in S.265 be consistent with the law that has developed under existing statutes. Thus, the phrase 'prevailing party' should not be limited to a victor after an entry of a final judgment following a final victory on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case ...; if the plaintiff has sought a voluntary dismissal of a groundless complaint, ... on all issues. In cases that are litigated to conclusion, a party may be deemed prevailing for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may be appropriate where the party has prevailed on the interim order ... which was central to the case, or where an interlocutory appeal is 'sufficiently significant and discrete to be treated as a separate unit."
Sen.Rep. No. 253, 96th Cong., 2nd Sess. 7; H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 11 (1980) *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4990.

**1032**

A defendant is not a prevailing party when a suit is dismissed under these conditions because "in real world terms—in any substantive sense—the defendants are not better off than if this court decided to retain the action on its calendar" pending determination of the criminal action. *Commodity Futures Trading Comm. v. Rosenthal*, 545 F.Supp. 1017, 1019 (N.D.Ill.1982). None of the substantial rights of the parties have been determined by the dismissal of this action. Defendants are thus not "prevailing parties" within the meaning of the Act.

Defendants' motion for attorneys' fees and costs is denied.