503 F.2d 1131
 8 Fair Empl.Prac.Cas. 725, 8 Empl. Prac. Dec. P 9688
Dave VAN HOOMISSEN, Plaintiff, Equal Employment Opportunity
Commission, Plaintiff-Intervenor-Appellant,
v.
XEROX CORPORATION et al., Defendants-Appellees.
 No. 74-1037.
 United States Court of Appeals, Ninth Circuit.
 Sept. 13, 1974
Rehearing En Banc Denied Nov. 6, 1974.
 
 Carlos G. Ynostroza, E.E.O.C., San Francisco, Cal., Beatrice Rosenberg, Charles L. Reischel, James P. Scanlan, Washington, D.C., for plaintiff-intervenor-appellant.
 Richard Haas of Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants-appellees.
 Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.
 SUPPLEMENTAL OPINION
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Van Hoomissen sued Xerox, his former employer, under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e-2(a)), alleging that Xerox fired him and engaged in other acts of retaliation because of his efforts to recruit minorities. The Equal Opportunity Commission sought leave to intervene under 42 U.S.C. 2000e-5(f)(1) and Fed.R.Civ.P. 24(b). In its proposed complaint in intervention, EEOC alleged that Xerox both engaged in discriminatory hiring practices and had unlawfully retaliated against Van Hoomissen. The district court granted EEOC leave to intervene, limited to the issue of retaliation, EEOC appealed, claiming that it should have been permitted to challenge Xerox's alleged discriminatory hiring practices in its complaint in intervention. We dismissed the appeal in Van Hoomissen v. Xerox Corp., 497 F.2d 180 (9th Cir. 1974).
 
 
 2
 Xerox now petitions this court, pursuant to 706(k) of the Act (42 U.S.C. 2000e-5(k)), for an award of attorney's fees as part of its costs on appeal. Section 706(k) provides:
 
 
 3
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
 
 
 4
 On its face, this section authorizes an award of attorney's fees against the Commission. The word 'costs' is used twice. In its first occurrence, it is clear that it includes attorney's fees, since the latter is explicitly denominated 'a part of the costs.' In the second reference, 'costs' are assessable against the Commission. Unless the meaning of 'costs' changes during the eleven words which separate its two usages, it is clear that attorney's fees can be assessed against the Commission.
 
 
 5
 The Commission makes an ingenious and indeed persuasive argument, based on the legislative history of the section, that Congress did not intend the second occurrence of 'costs' to include attorney's fees even though it did intend attorney's fees be included in the first provision for 'costs.' The Commission starts with the generally accepted premise that the government is exempt from liability for costs and attorney's fees except as specifically and unequivocally authorized by Congress. See United States v. Chemical Foundation, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131 (1926); Georg Jensen, Inc. v. United States, 185 F.Supp. 251, 253 (S.D.N.Y.1960); Aycrigg v. United States, 124 F.Supp. 416, 417-418 (N.D.Cal.1954); 28 U.S.C. 2412 (1970); 28 U.S.C. 2412(a) (1964). The Commission also points out that the term 'costs' has a well defined technical meaning that does not normally include attorney's fees. See, e.g., 28 U.S.C. 1920, 1923; Twentieth Century Fox Film Corp. v. Goldwyn, 328 F.2d 190, 222-224 (9th Cir. 1964). Thus, the Commission would have us decline to deviate from this technical meaning in the interpretation of the second reference to 'costs' since attorney's fees are not specifically and explicitly included.
 
 
 6
 The legislative history of Section 706(k) supports the Commission's contention that Congress did not necessarily intend 'costs' to have the same meaning each time it was used. Without belaboring the analysis, the legislative history indicates that the portion of Section 706(k) dealing with attorney's fees was added after the portion authorizing 'costs' against the government had been drafted. See 110 Cong.Rec. 12819 (1964). Thus, it can be persuasively argued that the drafters of the provision dealing with 'costs' assessed against the Commission were referring to the normal meaning of 'costs,' not to the special meaning of 'costs' including attorney's fees that was later used when the provision dealing with attorney's fees was added. The argument is strengthened by the fact that the Commission cannot recover attorney's fees: Congress might not, therefore, have intended the Commission to be liable for such fees.
 
 
 7
 As useful as legislative history is as an aid to statutory construction, however, it should not be used to torture the plain meaning of the words of the statute as finally enacted. Whatever the subjective intent of the drafters, which is far from clear, we are not persuaded that under these circumstances proper statutory construction calls for a change in the meaning of a technical word over the bare space of eleven intervening words. As Justice Frankfurter stated in Greenwood v. United States, 350 U.S. 366, 374, 79 S.Ct. 410, 415, 190 L.Ed. 412 (1956):
 
 
 8
 This is a case for applying the canon of construction of the wag who said, when the legislative history is doubtful, go to the statute.
 
 
 9
 We conclude that the plain meaning of Secton 706(k) authorizes an award of attorney's fees against the Commission. See United States v. Jacksonville Terminal Co., 316 F.Supp. 567, 623 (M.D.Fla.1970), rev'd on other grounds, 451 F.2d 418 (5th Cir. 1971), cert. denied 406 U.S. 906, 92 S.Ct. 1607, 31 L.Ed.2d 815 (1972).
 
 
 10
 Having concluded that we have the power under 706(k) to assess attorney's fees against the Commission, we must decide whether to exercise our discretion to do so. The Commission argues that the attorney's fees provision of 706(k) was designed to encourage private enforcement of the Act and to remove financial obstacles from the path of private litigants of limited means who could not otherwise afford to pursue their rights. See 110 Cong.Rec. 12724 (1964) (remarks of Sen. Humphrey). Although this is a factor to consider in exercising our discretion, we do not conclude that Xerox's ability to pay its own way is necessarily a bar to an award in its favor.
 
 
 11
 The Commission also argues that Section 706(k) authorizes an award only to the 'prevailing party.' Although Xerox 'prevailed' on this interlocutory appeal, it might still lose the principal case and thus not 'prevail.' We agree that litigation should not be dissected to the point that the losing party be permitted to recover attorney's fees connected with every procedural motion on which it prevails. But this interlocutory appeal is sufficiently significant and discrete to be treated as a separate unit. Thus, the fact that Xerox prevailed on this appeal qualifies it as a 'prevailing party' eligible for an award of attorney's fees connected with the appeal.
 
 
 12
 Having considered all the circumstances of the case, we exercise our discretion and award Xerox an attorney's fee of $3,000.