Donald J. DEVINE, Director, Office of
Personnel Management, Petitioner,

v.

R.A. SUTERMEISTER, Arbitrator; Unit-
ed States Customs Service, San Fran-
cisco Region; and National Treasury
Employees Union, Respondents.

Appeal No. 83–813.

United States Court of Appeals,
Federal Circuit.

May 4, 1984.

Lenore C. Garon, Washington, D.C., argued for petitioner. With him on the brief were J. Paul McGrath, Asst. Atty. Gen. and David M. Cohen, Washington, D.C., Director.

Kerry L. Adams, Washington, D.C., argued for respondent. With him on the brief were Robert M. Tobias, General Counsel, Lois G. Williams, Washington, D.C., Director of Litigation and David Handsher, San Francisco, Cal.

Before KASHIWA, BENNETT and MILLER, Circuit Judges.

BENNETT, Circuit Judge.

The National Treasury Employees Union (NTEU) brings this application for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982), for its successful defense against the Office of Personnel Management's (OPM) appeal before this court in the above-titled action, 724 F.2d 1558 (Fed. Cir.1983). OPM opposes the application on the following grounds: (1) OPM's litigating position before this court was substantially justified; (2) there are special circumstances which would render an award of attorney fees unjust; and (3) assuming that NTEU is entitled to an award of fees for its defense on the merits, no award should be granted for work relating to certain discrete phases of the litigation where OPM's position was substantially justified or where OPM was the prevailing party. We grant the application for attorney fees as modified by this opinion.

## BACKGROUND

The facts relevant to our decision on the merits can be found at 724 F.2d at 1560–61, and need not be repeated at length here. For purposes of this attorney fee request, a brief outline will suffice.

On March 5, 1982, the grievant, Richard Walton, was removed from his position as Customs Entry Aide on the charge of intentional falsification of his employment application and security data form. Walton chose to contest his removal under the grievance and arbitration procedure of the National Agreement between the Customs Service and NTEU.

The parties submitted the unresolved grievance to binding arbitration, and selected R.A. Sutermeister as the arbitrator. In a decision dated June 30, 1982, the arbitrator found that only some of the charges of falsification were sustained, and that Walton's removal would not promote the efficiency of the service. As a consequence of these findings, the arbitrator mitigated the penalty to a 30-day suspension. The arbitrator denied NTEU's request for attorney fees on the basis that the agency had acted in good faith, and this denial was not contested on appeal.

On November 17, 1982, OPM filed its discretionary petition for review with this court pursuant to 5 U.S.C. § 7703(d) (1982).[1] In our decision dated December 14, 1983, we upheld the arbitrator's award in all respects. On January 13, 1984, NTEU filed this application for attorney fees under the EAJA, relating exclusively to fees incurred in defending against OPM's appeal before this court.

## DISCUSSION

■ The EAJA provides that a prevailing party shall be awarded attorney fees in any civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The "position of the United States" for purposes of determining substantial justification is the position of the government in the judicial proceeding in which the fees were incurred. *Broad Avenue Laundry and Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed.Cir.1982). In this case, it is OPM's position on appeal to this court which is relevant for our determination of NTEU's entitlement to fees. It is well-established that the burden is on OPM to prove substantial justification. *See Ellis v. United States*, 711 F.2d 1571, 1575 (Fed. Cir.1983), and citations; *see also Bailey v. United States*, 721 F.2d 357, 359 (Fed.Cir. 1983).

### I

■ We have little difficulty in concluding that OPM was not substantially justified in its appeal on the merits, as both of its alternative arguments in favor of reversal of the arbitrator's award were forcefully rejected by the court. OPM's main argument, that an appointment obtained through fraud or material misrepresentation is a "nullity," was held to be wholly without merit, as OPM offered no relevant support for its position. Nothing in the governing statute, the Civil Service Reform Act of 1978, supported its position, and OPM's position was contradicted by its own regulations, the actions of the employing agency, and Court of Claims case law. 724 F.2d at 1563–64. OPM's alternative argument, that the arbitrator applied the wrong standard in his mitigation of the penalty, fared no better. OPM's assumption that an arbitrator must follow Merit Systems Protection Board (MSPB) precedent was not adequately supported; the purported conflict between the arbitrator's opinion and the MSPB's decision in *Douglas v. Veterans' Administration*, 5 MSPB 313 (1981), was found to be illusory; the arbitrator's award was held to be based on the collective bargaining agreement and in accordance with law; and the appropriate-

---

1. The various motions and petitions relevant to our decision on attorney fees are set out in the discussion that follows.

ness of OPM's challenge to this essentially factual issue was questioned. *Id.* at 1564–66. Based on the foregoing, we hold that OPM's appeal of the arbitrator's award did not have a reasonable basis both in law and fact, and thus was not substantially justified. *See Broad Avenue,* 693 F.2d at 1391.

■ Another factor supporting an award of fees to NTEU for its defense on the merits is the fact that, unlike an adversely affected employee, there is no appeal as of right by OPM. *See* 5 U.S.C. § 7703(d) and discussion at 724 F.2d at 1561–62; *Devine v. Nutt,* 718 F.2d 1048, 1052 (Fed.Cir.1983), *petition for cert. filed,* (U.S. Apr. 13, 1984) (No. 83–1673). Although this is only one factor to be considered in awarding fees, this case presented a situation where NTEU had to defend a meritless appeal where OPM had a special obligation to determine whether it should exercise its discretionary right of appeal.[2] While there should be no presumption in favor of an award of fees for unsuccessful OPM appeals under section 7703(d), the fact that these appeals are discretionary is properly a factor that the court may consider in weighing the general equities of an award.

■ OPM's main argument in opposition to an award of fees is that the appeal presented issues of first impression and thus "defines the position of the United States as 'substantially justified.'" *See Cherry v. United States,* 4 Cl.Ct. 20, 23 (1983). While some of OPM's arguments on appeal might be characterized as "novel," this characterization does not detract from the fact that its positions were simply insupportable given the great weight of statutory, regulatory, and judicial authority to the contrary. In some contexts, the novelty or importance of the issues presented may validate, for purposes of

substantial justification, an otherwise marginal appeal by the government. *But see Spencer v. NLRB,* 712 F.2d 539, 558–59 (D.C.Cir.1983), where it is suggested that the government should bear the expense of litigation in a long-shot "test case." In this case, however, the novelty of the government's position cannot compensate for the paucity of support in favor of that position. A prevailing party's entitlement to fees under the EAJA should not depend on the creativity of the government in fashioning novel, but meritless, arguments.

OPM also reminds this court that the justification for the government's litigating position must be measured against the law as it existed at the time of the appeal, and not against the new law enunciated by the court in its opinion. *Kay Manufacturing Co. v. United States,* 699 F.2d 1376, 1379 (Fed.Cir.1983); *Broad Avenue,* 693 F.2d at 1392. As the opinion made clear, the court's rejection of OPM's arguments was not made on the basis of "new law," but on the basis of the law extant at the time of the appeal. What "new law" that may have been established by the opinion did not relate to the merits of OPM's appeal.

Finally, OPM asserts that there are no "special circumstances" warranting an award of attorney fees to NTEU. The legislative history of the EAJA elaborates on the purpose of the provision that an award of fees to a prevailing party should be made unless the court finds "that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court

---

**2.** The fact that this court in its order of April 12, 1983, denied NTEU's motion to dismiss, which was based in part on the Union's assertion that the appeal did not meet the criteria set forth in 5 U.S.C. § 7703(d) (decision below will have substantial impact on civil service law), does not, as OPM implies, provide substantial justification for the appeal. First, the controversy surrounding the motion to dismiss mainly focused on the timeliness of OPM's appeal. Second, the decision to deny the motion was merely a threshold determination that OPM's statement, that the decision appealed from will have a substantial impact on civil service law, appeared valid on its face, and was not a determination on the merits regarding the validity of OPM's position on appeal.

discretion to deny awards where equitable considerations dictate an award should not be made.

H.R.REP. NO. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.CODE CONG. & AD.NEWS 4984, 4990.

■ First, OPM turns the above standard on its head when it argues that *NTEU* must show "special circumstances" warranting an award of fees. The statutory language clearly sets out the "special circumstances" test as an *exception* to an award of fees, as is the "substantial justification" test where the government has the burden of proof. Whether the government must prove "special circumstances," or the court, *sua sponte,* raises this exception in weighing the equities, is unimportant: the fact remains that a prevailing party need not prove a negative, i.e., that an award of fees would not be unjust.

■ Second, there are no "special circumstances" here that weigh in favor of a denial of fees. The "safety valve" for the government's advancement of novel but *credible* interpretations of law is unavailable to OPM for precisely the same reasons that led us to conclude that OPM has not demonstrated "substantial justification" for its appeal. *See Nunes-Correia v. Haig,* 543 F.Supp. 812, 820 (D.D.C.1982).

We therefore hold that NTEU is entitled to an award of reasonable attorney fees for its defense on the merits against OPM's challenge to the arbitrator's award.

## II

Alternatively, OPM argues that even if NTEU is entitled to fees for its defense on the merits, no fees should be awarded in those "discrete phases of the litigation" where OPM prevailed or its position was substantially justified. Specifically, OPM asserts that no fees should be awarded for NTEU's motion to dismiss, NTEU's opposition to OPM's petition for rehearing (timeli-

ness issue), and NTEU's petition for a writ of mandamus.

In support of its position that this court should individually assess NTEU's entitlement to fees in these "discrete phases" of the appeal, rather than on the basis of the appeal as a whole, OPM cites *McCarthy v. United States,* 1 Cl.Ct. 446, 458–59 (1983) (court may examine positions of the United States in separate phases of the litigation), *Kay Manufacturing Co.,* 699 F.2d at 1379 (court separately evaluated positions of the United States during trial and appeal), *Goldhaber v. Foley,* 698 F.2d 193, 197 (3d Cir.1983) ("the position of the United States" refers to the government's defense against each of plaintiff's claims before the trial court), *Ellis,* 711 F.2d at 1576–77 (government's position was not substantially justified during the liability phase of litigation, but was justified during the damages phase), and *Spencer,* 712 F.2d at 556–57 (courts should award fees in combating unreasonable arguments and deny fees in defeating substantial arguments). *See also* H.R.REP. NO. 1418, *supra,* at 11, *reprinted in* 1980 U.S.CODE CONG. & AD.NEWS at 4990.

■ It is worth noting that OPM's request for a separate evaluation of the motion and petitions mentioned is of a fundamentally different character than those "phases" of litigation discussed in the cases cited. Rather than involving separate proceedings (trial versus appeal, merits versus damages) or distinct claims, OPM's alternative argument implicates only certain stages of the *same* appeal. Whether a court should individually evaluate each motion or issue in a case is essentially a matter of judgment for the court, as this decision is closely tied to the unique facts of each case.[3] It is difficult to generalize whether a "phase" is "sufficiently significant and discrete to be treated as a separate unit" for purposes of an award of attorney fees. *Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131, 1133 (9th Cir.1974);

---

**3.** We generally agree with the statement in *McCarthy,* 1 Cl.Ct. at 459, that "an episodic and issue-by-issue breakdown of the position of the

United States is permissible *when factually warranted.*" (Emphasis added.)

*see also* H.R.REP. NO. 1418, *supra.* Although the court in *Van Hoomissen* awarded fees for an interlocutory appeal found to be "sufficiently significant and discrete," the court cautioned that "litigation should not be dissected to the point that the losing party be permitted to recover attorney's fees connected with every procedural motion on which it prevails." *Id.* By the same token, a prevailing party should not be denied fees for its failure to prevail on every procedural motion or claim where there is no clear distinction between the former and that party's ultimate success on the merits. *See Action on Smoking and Health v. CAB*, 724 F.2d 211, 215–16 (D.C.Cir.1984).

In this present application for attorney fees, NTEU does not challenge OPM's contention that the motions should be separately considered for purposes of award. For this reason, and because the motion to dismiss and petition for reconsideration involved an important issue sufficiently distinct from the merits of the appeal, we will consider OPM's alternative argument.

### A

OPM challenges an award of fees for NTEU's motion to dismiss on two grounds: (1) NTEU was not a "prevailing party"; and (2) OPM was substantially justified in petitioning for review. Each of these contentions will be discussed in the context of the issues presented in the motion to dismiss.

As a general consideration, it should be noted that the EAJA limits awards to a "prevailing party other than the United States ...." 28 U.S.C. § 2412(d)(1)(A).

Although there is no definition in the EAJA of the term "prevailing party," the legislative history offers some guidance.

Under existing fee-shifting statutes, the definition of prevailing party has been the subject of litigation. It is the committee's intention that the interpretation of the term in S. 265 be consistent with the law that has developed under existing statutes. Thus, the phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstin*, 561 F.2d 340 (D.C.Cir.1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575 (9th Cir.1941); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond*, 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

H.R.REP. NO. 1418, *supra* 1980 U.S.Code Cong. & Ad.News at 4990 (footnote omitted). Thus, the legislative history states that prior judicial interpretations of the term "prevailing party" should be applied to EAJA award determinations. *See Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid*, 717 F.2d 964, 966 (6th Cir.1983); *United States for Heydt v. Citizens State Bank*, 668 F.2d 444, 447 (8th Cir.1982).[4]

■ We disagree with OPM's contention that this court's denial of the motion to dismiss, by itself, precludes an award because NTEU was not a "prevailing party."

---

4. The Supreme Court has recently addressed the issue of a prevailing party's entitlement to reasonable attorney fees in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In *Hensley*, the issue before the Court was whether a partially prevailing plaintiff could recover fees for services on unsuccessful claims. The Court held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." 461 U.S. at ——, 103 S.Ct. at 1943. Although this case concerned fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (Supp. V 1981), the Court stated that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at —— n. 7, 103 S.Ct. at 1939 n. 7. The Court also emphasized that the denial of fees for unsuccessful claims is contingent on a finding that these claims are "distinctly different" claims, i.e., based on "different facts and legal theories" than the successful claims. 461 U.S. at ——, 103 S.Ct. at 1940; *see also* 461 U.S. at ——, 103 S.Ct. at 1943.

A court should look to the substance of the litigation to determine whether an applicant has *substantially* prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form. *See generally Citizens Coalition*, 717 F.2d at 966; *Coen v. Harrison County School Board*, 638 F.2d 24, 26 (5th Cir.1981), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982) ("the issue of who has prevailed is a realistic judgment, not a technical one"); *Morrison v. Ayoob*, 627 F.2d 669, 671 (3d Cir.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); *Bonnes v. Long*, 599 F.2d 1316, 1318 (4th Cir.1979); *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978); *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 351 (D.D.C.1982).

NTEU's motion to dismiss was based on two grounds: (1) OPM's petition for review did not satisfy the criteria contained in 5 U.S.C. § 7703(d)—i.e., OPM had not demonstrated that the arbitrator erred as a matter of law and that the decision below will have a substantial impact on civil service law (section 7703(d) issue); and (2) OPM's petition was untimely, as OPM failed to petition the arbitrator for reconsideration within 30 days (timeliness issue).

 In our April 12, 1983, order, this court denied NTEU's motion on the section 7703(d) issue, stating that "[w]e agree with [OPM] that there is more between the parties than a mere 'disagreement with the factual determinations and judgments made by the arbitrator.'" NTEU, however, points out that its position was ultimately vindicated when the case was decided on the merits, and we agree. Under the circumstances of this case, we do not believe that this issue is "sufficiently significant and discrete" from the merits that an independent evaluation of OPM's position in the motion to dismiss is warranted. *See supra* note 2. It is unrealistic for this court to evaluate OPM's position in the motion to dismiss in a vacuum, when precisely the same issue, OPM's assertion that the arbitrator erred as a matter of law, based on the same set of facts, was dealt with at length in the decision on the merits. Thus, OPM's "position" here should be subsumed into our consideration of NTEU's entitlement to fees on the merits, where we have already held that NTEU may recover.

In contrast to the section 7703(d) issue, the timeliness issue *is* sufficiently significant and discrete as to warrant separate consideration, particularly since this issue was finally resolved before consideration of the merits. In the April 12, 1983, order, this court held that OPM must seek reconsideration within 30 days, as was argued by *NTEU*. Although OPM's petition was not timely under this rule, the court excused OPM's failure because of prior uncertainty in the law. *See* 724 F.2d at 1562 n. 4.

OPM contends that NTEU cannot recover on this issue because it was not a "prevailing party." In the context of this case, NTEU was a "prevailing party" in the sense that its position on the timeliness issue was adopted by the court. It would seem unjust to deny fees to a party whose position is vindicated, but does not obtain the relief sought, dismissal of the appeal, because of the court's essentially equitable decision to excuse OPM's tardiness. However, we need not decide this issue of "prevailing party" because we hold that NTEU cannot recover on other grounds.

 We agree with OPM that its position on the timeliness issue was substantially justified. As this court has previously noted, the mere fact that OPM lost on this issue does not demonstrate a lack of substantial justification in its position. *Broad Avenue*, 693 F.2d at 1391; *see also Gava v. United States*, 699 F.2d 1367, 1371 (Fed.Cir.1983). Without question, the issue of the time period within which OPM must petition for reconsideration of an arbitrator's award is a matter of vital concern to OPM. As this court observed in its April 12, 1983, order, this issue was one of first impression in this court, *see Gava*, 699 F.2d at 1371, and was subject to conflicting judicial pronouncements in other circuits. Given these circumstances, we conclude that OPM was substantially justified in defending its position on the timeliness issue.

## B

OPM also asserts that it was substantially justified in its petition for rehearing, or, in the alternative, for clarification of the April 12, 1983, order regarding the timeliness issue. In an order dated June 2, 1983, this court denied rehearing, but clarified the previous order to state that the 30-day period within which OPM may seek reconsideration runs from the date OPM receives notice of the decision.[5] We hold that OPM's position here was substantially justified for the same reasons as was its defense of the motion to dismiss on the timeliness issue.

## C

■ Finally, OPM asserts that NTEU is not entitled to fees for its "unsuccessful" petition for a writ of mandamus, presumably because NTEU was not a "prevailing party."[6] The facts underlying this court's April 12, 1983, denial of the writ do not support OPM's assertion. On March 18, 1983, NTEU petitioned this court for a writ of mandamus because the employing agency had failed to reinstate the grievant, Richard Walton, as ordered by the arbitrator, and it was alleged that Walton would suffer irreparable harm as a result. As NTEU pointed out in its memorandum in support of the petition, the law requires that the government either comply with the arbitrator's award or obtain a stay pending appeal. *See* 5 U.S.C. § 7122(b) (1982), FED.R.APP.P. 18. On this same date, OPM filed a motion for stay pending appeal, which was opposed by NTEU on March 28. In an order dated April 12, 1983, this court denied OPM's motion for a stay, and, in a companion order, denied the petition for mandamus without prejudice

on the grounds that the denial of the motion for stay should accomplish the writ's purpose.[7] We therefore hold that NTEU was a "prevailing party," OPM's position was not substantially justified, and NTEU is entitled to fees relating to the writ of mandamus.[8]

## CONCLUSION

We hold as follows:

(1) NTEU is entitled to reasonable attorney fees for its defense on the merits;

(2) NTEU is entitled to one-half of its claimed fees for its motion to dismiss, representing its work on the section 7703(d) issue;

(3) NTEU is not entitled to fees relating to the timeliness issue because OPM's position on this issue was substantially justified—as a result, one-half of the fees for the motion to dismiss and all of the fees for the opposition to OPM's petition for rehearing are disallowed; and

(4) NTEU is entitled to fees for its petition for a writ of mandamus.

NTEU's application for fees is in the amount of $16,015, representing a total of 214 hours of attorneys' time spent on the various motions and petitions, defense on the merits, and the drafting of the attorney fees request.[9] OPM concedes that the time spent drafting the EAJA fee application is recoverable if NTEU is otherwise entitled to recover. *See Tyler Business Services, Inc. v. NLRB*, 695 F.2d 73, 77 (4th Cir. 1982); *Environmental Defense Fund, Inc. v. Environmental Protection Agency*, 672 F.2d 42, 62 (D.C.Cir.1982); *McCarthy*, 1 Cl.Ct. at 463. In accordance with this opinion, $1,781.25 (23.75 hours at $75 per hour)

---

**5.** It is disingenuous of OPM to assert that NTEU was not a "prevailing party" here when OPM only prevailed on the request for clarification, which NTEU did not oppose.

**6.** OPM does not specifically argue that its position here was substantially justified.

**7.** It is interesting to note that OPM does not challenge fees relating to NTEU's opposition to a stay pending appeal.

**8.** Although we question whether the controversy surrounding the writ of mandamus is "sufficiently significant and discrete" from the merits as to warrant separate consideration, we need not decide this issue in light of our disposition.

**9.** Of this total amount, 210.5 hours were billed at $75 per hour, *see* 28 U.S.C. § 2412(d)(2)(A)(ii), and 3.5 hours were billed at $65 per hour.

of the total amount submitted is disallowed.[10] NTEU is thus entitled to recover $14,233.75 as reasonable attorney fees under the EAJA.[11]

GRANTED AS MODIFIED.

---

**10.** According to the affidavits submitted by NTEU, Kerry L. Adams spent 13.5 hours on research and drafting of the response to OPM's petition for rehearing, all of which is disallowed. David S. Handsher spent 20.5 hours on research and drafting of NTEU's motion to dismiss (including consideration of OPM's petition for review), one-half of which is disallowed. Both attorneys billed at $75 per hour.

**11.** We reject OPM's unsupported contention that 99.5 hours is per se excessive for NTEU's work relating to its principal and supplemental briefs and preparation for oral argument (OPM suggests that 40 hours is "reasonable"). Similarly,

we reject OPM's contention that some of this work was "duplicative" because two attorneys researched and drafted NTEU's principal brief. We find NTEU's application for fees to be sufficiently detailed, and find that the amount claimed is reasonable under the circumstances of this appeal.