Elouise Pepion COBELL, et al., Plaintiffs,

v.

Gale A. NORTON, Secretary of the Interior, et al., Defendants.

Civ.A. No. 96–1285(RCL).

United States District Court, District of Columbia.

May 27, 2004.

Dennis M. Gingold, Elliott H. Levitas, Kilpatrick Stockton, LLP, Keith M. Harper, Richard A. Guest, Native American Rights Fund, Mark Kester Brown, Washington, DC, for Plaintiffs.

Earl Old Person, Browning, MT, pro se.

Brian L. Ferrell, Charles Walter Findlay, III, Cynthia L. Alexander, Henry A. Azar, Jr., J. Christopher Kohn, Jennifer R. Rivera, John Thomas Stemplewicz, Jonathan Brian New, Sandra Peavler Spooner, Seth Brandon Shapiro, Dodge Wells, Gino D. Vissicchio, John R. Kresse, John Joseph Siemietkowski, John Warshawsky, Michael John Quinn, Phillip Martin Seligman, Timothy Edward Curley, Tracy Lyle Hilmer, Amalia D. Kessler, U.S. Department of Justice, Mark E. Nagle, Robert Craig Lawrence, U.S. Attorney's Office, Christina M. Carroll, Daniel Gordon Jarcho, Michael James Bearman, McKenna Long & Aldridge, LLP, Robert D. Luskin, Patton Boggs LLP, John T. Richards, Jr., Trout & Richards, PLLC, B. Michael Rauh, Manatt, Phelps & Phillips, L.L.P., Washington, DC, John Charles Cruden, U.S. Department of Justice, Annandale, VA, Terry M. Petrie, U.S. Department of Justice, Herbert Lawrence Fenster, McKenna Long & Aldridge, LLP, Denver, CO, for Defendants.

Lawrence H. Wechsler, Janis, Schuelke & Wechsler, Donald Michael Barnes, Porter, Wright, Morris & Arthur, David Booth Beers, Shea & Gardner, Pamela J. Marple, Manatt, Phelps & Phillips, L.L.P., Timothy Patrick Garren, John Warshawsky, U.S.

Department of Justice, Erik Lloyd Kitchen, Steptoe & Johnson, L.L.P., Martha Purcell Rogers, Ober,Kaler, Grimes & Shriver, Amy Berman Jackson, Trout & Richards, P.L.L.C., Michael R. Bromwich, Fried, Frank, Harris, Shriver & Jacobson, Roger Eric Zuckerman, Zuckerman Spaeder, LLP, Stephen M. Byers, Crowell & Moring, L.L.P., Leslie B. Kiernan, Zuckerman Spaeder, LLP, Lenard Barrett Boss, Cozen O'Connor, P.C., John Francis Hundley, Plato Cacheris, Baker & McKenzie, Sydney Jean Hoffmann, The Law Offices of Plato Cacheris, Barbara Ann Van Gelder, Wiley Rein & Fielding, LLP, Laura C. Zimmitti, Marc Evan Rindner, William H. Briggs, Jr., Ross, Dixon & Bell, LLP, Thomas Edward Wilson, Berliner, Corcoran & Rowe, L.L.P., Mary Lou Soller, Miller & Chevalier, Chartered, Jeffrey D. Robinson, Melissa Heitmann McNiven, Dwight Phillip Bostwick, Baach Robinson & Lewis PLLC, John Albert Gibbons, Steven John Roman, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Lisa Freiman Fishberg, Coburn & Schertler, L.L.P., E. Lawrence Barcella, Jr., Paul, Hastings, Janofsky & Walker, L.L.P., Alessio D. Evangelista, David Sidney Krakoff, Beveridge & Diamond, P.C., Michael D. Goodstein, Resolution Law Group, PC, Bradley Stuart Lui, Morrison & Foerster, LLP, Andrew Dewald Herman, Stanley M. Brand, Brand & Frulla, P.C., Marshall L. Matz, Olsson, Frank & Weeda, P.C., Brian Michael Privor, William Leonard Gardner, Morgan, Lewis & Bockius, L.L.P., Hamilton Phillips Fox, III, Sutherland, Asbill & Brennan, L.L.P., Christopher J. Lovrien, Robert Christopher Cook, Jones Day, Robert A. Salerno, Piper Rudnick LLP, George Joseph Hughes, Hughes & Bentzen, PLLC, Bruce Allen Baird, Michael X. Imbroscio, Nicole Jo Moss, Covington & Burling, Alan I. Baron, Holland & Knight LLP, Howard Christopher Bartolomucci, Hogan & Hartson, L.L.P., Judith Lynne Wheat, Shaw, Bransford, Veilleux & Roth, William M. Sullivan, Jr., Winston & Strawn LLP, Jonathan K. Tycko, Tycko Zavareei LLP, Richard Lee Cys, Davis Wright Tremaine, Christopher B. Mead, London & Mead, Jill Elise Grant, Nordhaus, Haltom, Taylor, Taradash & Bladh, LLP, Kathleen Elizabeth Voelker, Dennis M. Gingold, Washington, DC, William Aaron Dobrovir, Sperryville, VA, Larry Allen Nathans, Robert W. Biddle, Nathans & Biddle, LLP, Baltimore, MD, John Kenneth Zwerling, Lisa Bondareff Kemler, Zwerling & Kemler, P.C., Alexandria, VA, Emily M. Yinger, Hogan & Hartson, McLean, VA, Nathaniel D. Owens, Remedies Legal Service, P.C., Anniston, AL, Neil James Ruther, Towson, MD, for Movants.

Eddie Jacobs, Oklahoma City, OK, pro se.

Amy S. Koch, Cameron McKenna, Charles Allen Hobbs, Hobbs, Straus, Dean & Walker, Washington, DC, Stephen R. Ward, Conner & Winters, P.C., Jason B. Aamodt, Tulsa, OK, Geoffrey D. Strommer, Hobbs, Sraus, Dean & Walker, Portland, OR, for Amicus.

Albert Lee Bynum, Gadsden, AL, pro se.

## *MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

Before the Court are: 1) Plaintiffs' Request for Award of Attorney's Fees and Related Expenses Based Upon Findings Establishing Defendants' Litigation Misconduct [2399], filed on November 26, 2003; 2) Plaintiffs' Bill of Cost [2428], filed December 16, 2003; 3) Plaintiffs' Request for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [2328], filed on October 9, 2003. Related to these filings are Plaintiffs' Motion for Enlargement of Time [2336], filed on October 15, 2003, Plaintiffs' Motion to

Amend Their Bill of Costs [2436], filed on December 23, 2003, and Plaintiffs' Motion for Enlargement of Time Within Which to File Supporting Attorney and Expert Witness Documentation re EAJA Fee Application [2345], filed on October 23, 2003. The Court will examine each motion in turn.

*I. Plaintiffs' Request for Award of Attorney's Fees and Related Expenses Based Upon Findings Establishing Defendants' Litigation Misconduct [2399] ("Motion for Litigation Misconduct Fees").*

█ Plaintiffs seek fees and expenses due to defendants' "litigation misconduct," as described by the Court in its opinion following the second contempt trial, *Cobell v. Norton*, 226 F.Supp.2d 1, 152–155 (D.D.C.2002). Plaintiffs acknowledge that the Court's opinion was vacated on appeal, *see* 334 F.3d 1128 (D.C.Cir.2003), yet maintain that nothing in the D.C. Circuit's decision prevents this Court from awarding attorneys fees due to defendants' litigation misconduct. Mot. for Litigation Misconduct Fees at 1–7, 13–20. Plaintiffs are incorrect. The Court ordered defendants to pay the plaintiffs' reasonable expenses, including attorneys' fees, "as a result of the defendants' contumacious conduct." 226 F.Supp.2d at 153. However, the contumacious conduct in issue included: (1) failing to comply with the Court's Order of December 21, 1999, to initiate a Historical Accounting Project; (2) committing a fraud on the Court by concealing the [Interior] Department's true actions regarding the Historical Accounting Project during the period from March 2000 until January 2001; (3) committing a fraud on the Court by failing to disclose the true status of the Trust Asset and Accounting Management System project ("TAAMS") between September 1999 and December 21, 1999; (4) committing a fraud on the Court by filing false and misleading quarterly status reports, starting in March 2000, regarding TAAMS and data cleanup by the BIA; and (5) committing a fraud on the Court by making false and misleading representations starting in March 2000, regarding the computer security of IIM trust data. *Cobell v. Norton*, 334 F.3d at 1135. Each of these findings were subsequently overturned by the Circuit which held: "[t]he Contempt Order is vacated insofar as it sanctions the defendants on specifications one through five and directs the payment of expenses and fees incurred by the plaintiffs." 334 F.3d at 1150.

The Court's finding of misconduct was tied directly to those five counts which the Circuit overturned and for which the Circuit explicitly denied Plaintiffs the right to collect fees. Plaintiffs' request for fees arising from the second contempt trial is denied.

█ Plaintiffs also request that this Court order "a broad compensatory award of attorney's fees" as sanction for defendants' "well-documented history of litigation misconduct from the outset." Mot. for Litigation Misconduct Fees at 9–10. Plaintiffs have not, however, identified specific instances of misconduct nor detailed any costs or expenses they incurred as a result. This failure is fatal to plaintiffs' request and it therefore shall be denied, except as discussed below.

*II. Plaintiffs' Bill of Cost [2428].*

█ Plaintiffs also seek to have costs assessed against defendants for the Phase 1.0 trial and the Phase 1.5 trial pursuant to Federal Rule of Civil Procedure 54(d) which provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Defendants contest plaintiffs' bill of costs as premature. Defendants are only partially correct. LCvR 54.1(c) provides that, "[t]he Clerk shall tax

costs after the judgment has become final *or at such earlier time* as the parties may agree or *the court may order.*" (Emphasis added). These rules vest the Court with discretion to award costs before final judgment. *See Friends For All Children, Inc. v. Lockheed,* 725 F.2d 1392, 1396 (D.C.Cir. 1984) ("Nor do we doubt the discretionary power of a trial judge to order payment of costs pendente lite, in an appropriate case, in favor of a party properly designated as a prevailing party. We are of the view, however, that to qualify as a prevailing party, and thus be eligible for an interlocutory award of costs, one must establish a right or entitlement to some relief on the merits of one or more of his claims"). It is clear plaintiffs have prevailed on those issues related to the Phase 1.0 trial both in this Court and on appeal. *Cobell v. Babbitt,* 91 F.Supp.2d 1 (D.D.C.1999), *affirmed,* 240 F.3d 1081 (D.C.Cir.2001). Defendants, for their part, concede that "Plaintiffs probably are prevailing parties for the Phase 1 trial." Defs.' Opp'n to Pls.' Req. for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act at 11 (Oct. 24, 2003) [2346] ("Defs.' Opp'n to Pls.' EAJA Motion"). The Court hereby awards plaintiffs fees and costs from the Phase 1.0 trial, subject to the terms set out below.

■ Plaintiffs' request for an award of fees and expenses for prosecuting the Phase 1.5 trial, however, is premature. The Court's rulings in that trial are currently pending appeal and no final judgment has been rendered. *See* LCvR 54.1(c) (defining final judgment as "when the time for appeal has expired and no appeal has been taken, or when the court of appeals issues its mandate").

■ The bill of costs filed by plaintiffs includes both Phase 1.0 and Phase 1.5 costs. As the Court has determined that it is not appropriate to consider Phase 1.5 costs at this time, plaintiffs' current bill of costs shall be denied.

LCvR 54.1 sets forth the procedure for submitting a bill of costs. In accordance with LCvR 54.1(c), the Clerk shall tax costs through the Phase 1.0 proceeding. Plaintiffs are directed to submit their bill of costs to the Clerk within thirty days of this date. Defendants may file objections pursuant to local rule. *See* LCvR 54.1(b) ("A party from whom costs are sought may file an opposition to the bill of costs within 11 days after service of the bill."). The Clerk shall thereafter act on the bill of costs. Either side may thereafter file a motion to retax costs pursuant to LCvR 54.1(e), and the Court shall then determine any remaining contested issues regarding costs.

*III. Plaintiffs' Request for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [2328] ("Plaintiffs' EAJA Motion").*

■ Plaintiffs request an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 USC § 2412 (2004). Plaintiffs seek an EAJA award of fees for the Phase 1.0 trial, the second contempt trial, and the Phase 1.5 trial. Defendants object on numerous grounds and claim the request is "fatally defective on its face," Defs.' Opp'n to Pls.' EAJA Motion at 2, on grounds that plaintiffs have failed to offer any supporting documentation. Defendants are correct. The Court therefore shall direct plaintiffs to refile their request for attorney's fees in accordance with this opinion.

As an initial matter, the Court must first determine whether it is appropriate to consider making an interim award of fees in this case. Defendants correctly state that "courts have recognized the propriety of an award of interim attorney fees where a party establishes an entitlement to final

relief on the merits of a claim before the termination of the litigation as a whole." Defs.' Opp'n to Pls.' EAJA Motion at 2.[1] The legislative history of EAJA supports interim awards and even cites a district court case in this circuit: "[a]n award may thus be appropriate where the party has prevailed on an interim order which was central to the case, *Parker v. Matthews*, 411 F.Supp. 1059, 1064 (D.D.C.1976), or where an interlocutory appeal is 'sufficiently significant and discrete to be treated as a separate unit', *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir. 1974)." H.R. Conf. Rep. No. 96–1434, at 22 (1980), reprinted in 1980 U.S.C.C.A.N. 5003, 5011.

█ The Court will examine each of the proceedings for which plaintiffs request fees and determine if it is appropriate for an interim award of fees either because it was central to the case or because it was an interlocutory appeal that is "sufficiently significant and discrete to be treated as a separate unit." *Van Hoomissen*, 503 F.2d at 1133. In the Phase 1.0 trial plaintiffs achieved many significant results on issues central to the case. The Court certified the opinion for interlocutory appeal and was affirmed. *See Cobell v. Norton*, 240 F.3d 1081 (D.C.Cir.2001). The Phase 1.0 opinion meets the criteria in the legislative history: it resolved issues central to the case, set the stage for future relief for plaintiffs, and as an interlocutory appeal was both significant and discrete. The Court finds it appropriate to consider an

interim award of fees for the Phase 1.0 trial. Further, any fee petition submitted as to Phase 1.0 should by necessity include all appropriate time expended by plaintiffs since the inception of the suit with the exception of the Court's award of fees for the first contempt trial. *See Cobell v. Babbitt*, 188 F.R.D. 122 (D.D.C.1999). That opinion analyzed plaintiffs' time entries in order to provide future guidance on subsequent fee petitions regarding other hours incurred at that time.

█ The second contempt trial is not an appropriate proceeding for an award of interim fees. The Court of Appeals vacated the contempt findings and award of attorney's fees to the plaintiffs. Plaintiffs are not prevailing parties and the procedural orders remaining after appeal are insufficient to make plaintiffs prevailing parties for that proceeding. *See Thomas v. Nat'l Science Found.*, 330 F.3d 486, 493 (D.C.Cir.2003) (noting that where a Court entered a preliminary injunction in a party's favor but the injunction did not change the legal relationship in a way that afforded the party the relief they sought that the party was not entitled to an attorney's fee award). But some findings of fact set forth in the second contempt opinion were relied upon by this Court in the Phase 1.5 proceeding. *Cobell v. Norton*, 283 F.Supp.2d 66, 85 (D.D.C.2003) ("Because the D.C. Circuit did not set aside the findings of fact made in this Court's September 17, 2002 memorandum opinion, the

---

1. *See, e.g., Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (finding that a party may be entitled to an interim award of fees without having obtained a final judgment); *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1495 (11th Cir.1986) (determining that, despite the court's refusal to enter final judgment, "the plaintiffs have prevailed on the issue of enjoining the Haitian Program as conducted by the INS. Since this issue is central to the case,

plaintiffs are entitled to an interim fee award."), *vacated in part on other grounds*, 804 F.2d 1573 (1986); *Gonzalez v. United States*, 44 Fed.Cl. 764, 768 (Fed.Cl.1999) (finding that "notwithstanding that at the time of plaintiff's EAJA petition the quantum of damages had not been decided and the court had not yet entered final judgment, plaintiff had clearly received actual relief on the merits of his claim that materially altered the legal relationship between the parties.").

Court will treat those factual findings as having been established."). Therefore, if plaintiffs file an EAJA application for the Phase 1.5 proceeding, see discussion *infra,* they may include in that application those hours expended relating to the findings of fact established at the second contempt trial and later relied upon by this Court in the Phase 1.5 opinion. Defendants may, of course, at that time contest whether such work is properly compensable as part of the Phase 1.5 proceeding.

▇ The Phase 1.5 trial resulted in an opinion by this Court that is currently on appeal with oral arguments set for fall 2004. It is not an appropriate proceeding for an award of interim fees at this time. Plaintiffs' request as to Phase 1.5 is premature and shall be denied without prejudice to refile at the conclusion of the appeal, if appropriate.

Plaintiffs request an award pursuant to two separate sections of EAJA. Plaintiffs move for fees under 28 USC § 2412(d) (2004) and 28 USC § 2412(b) (2004). § 2412(d) sets forth a statutory scheme for awarding attorney's fees against the government and includes an hourly rate cap of $125/hour. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). An application for fees under this section should include all information required by § 2412(d), which usually includes: (1) Affidavits asserting total number of hours spent; (2) Detailed contemporaneous time records showing itemized statements of tasks performed by attorney and including rates; (3) Information on normal billing rate charged by attorney or firm for all time periods in question; (4) Biographical information on petitioning attorneys; (5) Information on the novelty and difficulty of the case; and (6) Information on awards in similar cases.

▇ § 2412(b) provides that the "United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." Under the American rule, "common law as a general matter precludes the award of attorneys' fees from the losing party to the prevailing party." *Am. Hosp. Ass'n v. Sullivan,* 938 F.2d 216, 219 (D.C.Cir.1991). But an exception to the American rule allows the award of attorney's fees "where the losing party acted in bad faith." *Id; see F.D. Rich Co. v. United States,* 417 U.S. 116, 129, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) (acknowledging exception to the American common law rule in cases where an opponent acts in bad faith, vexatiously, wantonly, or for oppressive reasons). There is no statutory ceiling on the hourly rate used to calculate attorneys fees under § 2412(b) and so "an award of attorney's fees for bad faith can be calculated at market rates." *Gray Panthers Project Fund v. Thompson,* 304 F.Supp.2d 36 (D.D.C.2004); *see also Kerin v. U.S. Postal Serv.,* 218 F.3d 185, 190–91 (2d Cir.2000).

▇ An award of attorney's fees under § 2412(b) can take place where "the bad faith (1) occurred in connection with the litigation, or (2) was an aspect of the conduct giving rise to the lawsuit." *Am. Hosp. Ass'n,* 938 F.2d at 219 (citing *Nepera Chem., Inc. v. Sea–Land Serv., Inc.,* 794 F.2d 688, 701 (D.C.Cir.1986)). As an example, a court can find bad faith in a party's pre-litigation conduct where "a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights." *Id.* at 220. (*quoting Fitzgerald v. Hampton,* 545 F.Supp. 53, 57 (D.D.C.1982); citing *American Employers Ins. Co. v. American Sec. Bank,* 747 F.2d 1493, 1502 (D.C.Cir.1984)).

■ The "substantive standard for a finding of bad faith is 'stringent' and 'attorneys' fees will be awarded only when extraordinary circumstances or dominating reasons of fairness so demand.' " *Ass'n Of Am. Physicians & Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660 (D.C.Cir.1999) (*quoting Nepera Chem., Inc.*, 794 F.2d at 702). In addition, the finding of bad faith must be supported by "clear and convincing evidence." *Id.* Furthermore, where a district court opinion has had "insufficient evidence in the record to satisfy the stringent bad faith standard," the Court of Appeals for this Circuit has reversed findings of bad faith as clearly erroneous. *Ass'n Of Am. Physicians & Surgeons, Inc.*, 187 F.3d at 660–61. Advice from the D.C. Circuit is that "generally [ ] the trier of fact, [should] view[ ] each party's pile of evidence [and] reach a firm conviction of the truth on the evidence about which he or she is certain." *Id.* Plaintiffs indicate that they are seeking an award of attorneys fees under this section and thus should support such an application with detailed factual support and not merely make an offhand reference to "more than 59 published opinions of this Court [that] chronicle this unprecedented saga of misbehavior and bad faith." Pls.' EAJA Mot. at 26. As plaintiffs' are seeking an award under § 2412(d) and § 2412(b) they should include alternative fee calculations based on EAJA capped rates, market rates, and rates under the *Laffey* matrix.

Having determined that plaintiffs are not eligible for an award of fees under EAJA for the second contempt proceeding and that an interim award of fees is inappropriate at this time for the Phase 1.5 proceeding, the Court shall order plaintiffs to submit their EAJA application for work done through the Phase 1.0 proceeding. The Court will consider a motion for fees under both § 2412(b) and § 2412(d). Plaintiffs shall have 30 days in which to file their request. Defendants shall have 20 days in which to challenge plaintiffs' fee petition. Defendants' challenge must identify the type of work being challenged, and must specifically state the grounds for contending that the hours, or the hourly rates, claimed are unreasonable. Defendants' challenge must be specific and clear enough to allow plaintiffs an opportunity to respond and defend their request. Plaintiffs shall have 10 days in which to file their reply.

## IV. Conclusion

Upon consideration of the aforementioned motions related to plaintiffs' fees and expenses, it is hereby:

ORDERED that Plaintiffs' Request for Award of Attorney's Fees and Related Expenses Based Upon Findings Establishing Defendants' Litigation Misconduct [2399] is hereby DENIED; it is

ORDERED that Plaintiffs' Bill of Cost [2428] is hereby DENIED without prejudice and plaintiffs are ORDERED to file any interim bill of costs through the Phase 1.0 proceeding with the Clerk within thirty days of this date; it is

ORDERED that the Clerk tax costs through the Phase 1.0 proceeding after considering plaintiffs' bill of costs and any objection submitted by defendants under LCvR 54.1(b); it is

ORDERED that Plaintiffs' Motion for Enlargement of Time [2336] is GRANTED nunc pro tunc; it is

ORDERED that Plaintiffs' Motion to Amend Their Bill of Costs [2436] is DENIED AS MOOT; it is

ORDERED that Plaintiffs' Request for an Award of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act [2328] is DENIED without prejudice; it is

ORDERED that plaintiffs shall submit an EAJA application for interim fees through the Phase 1.0 proceeding within thirty days of this date and that defendants shall have twenty days from the date of receipt of plaintiffs' EAJA application to file an opposition and plaintiffs shall have a further ten days from that date to file a reply; and it is

ORDERED that Plaintiffs' Motion for Enlargement of Time Within Which to File Supporting Attorney and Expert Witness Documentation re EAJA Fee Application [2345] is DENIED AS MOOT.

SO ORDERED.